UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MIGUEL ANGEL AQUINO,

                              Plaintiff,        **ACTION UNDER 29 U.S.C.§ 216(b)**

   -v.-

                                             **COMPLAINT**

ZOCCOLA LLC (DBA TAVOLA)
and NICK ACCARDI,
Individually,

                            Defendants
------------------------------------------------------------X

      Plaintiff MIGUEL ANGEL AQUINO, by and through his attorneys, STILLMAN LEGAL PC., brings this Action against Defendants ZOCCOLA LLC (DBA TAVOLA) and NICK ACCARDI, individually (collectively, the "Defendants") pursuant to the Fair Labor Standards Act ("FLSA"), 29 USC §§ 201 et seq., the New York Labor Law ("NYLL") § 650 et seq., as recently amended by the Wage Theft Prevention Act ("WTPA"), NYLL § 195(3), NYLL § 191, and related provisions from Title 12 of New York Codes, Rules and Regulations ("NYCRR") § 137-1.7 (2006), and alleges upon information and belief, as follows:

### **NATURE OF THE ACTION**

1. This Complaint seeks to recover, inter alia, unpaid minimum wage and overtime wage compensation for Plaintiff, a former employee of Defendant ZOCCOLA LLC (DBA TAVOLA), a New York Corporation with offices at 488 9th Ave New York, NY 10018, and it's principal/officer/agent, Defendants NICK ACCARDI, where Plaintiff was employed as a cook.

2. At all times relevant hereto, Defendants were required, under relevant New York State law, to pay and compensate Plaintiff at a minimum rate of $15.00 per hour

(the "minimum wage"); however, Plaintiff was compensated at a rate of $13 and $14 per hour for 40 hours workweek.

3. At all times relevant hereto, Defendants were required, under relevant New York State law, to compensate Plaintiff with overtime pay at one and one-half the regular rate for work in excess of forty (40) hours per work week.

4. However, despite such mandatory pay obligations, Defendants only initially compensated Plaintiff at a rate of $13, $14, $16, and $17 per hour and failed to pay Plaintiff his lawful overtime pay for the relevant work period

5. Defendants' conduct extended beyond Plaintiff to all other similarly situated employees, and at all times relevant to this Complaint, Defendants maintain a policy and practice of requiring Plaintiff and other employees to work without providing the minimum and overtime compensation required by federal and state law and regulations.

6. Plaintiff also brings this action under the Wage Theft Prevention Act for Defendants' failure to provide written notice of wage rates in violation of said laws.

7. Accordingly, Plaintiff now brings this Action for federal and state claims relating to unpaid minimum wages, unpaid overtime wages, and failure to keep accurate records pursuant to the FLSA, 29 USC §§ 201 et seq., NYLL § 650 et seq., as recently amended by the WTPA, NYLL § 195(3), as well as those related provisions in Title 12 of the NYCRR.

8. In connection therewith, Plaintiff seeks compensatory damages (minimum and overtime wages due), liquidated damages, pre-judgment and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA and NYLL.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this action under 28 USC § 1331, 29 USC §§ 216(b)(c), and 217; and 28 USC § 1337.

10. This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction pursuant to 28 USC § 1367.

11. This Court is empowered to issue a declaratory judgment pursuant to 28 USC §§ 2201 and 2202.

12. Venue is proper in the Southern District of New York, pursuant 28 USC § 1391(b)(c) because Corporate Defendants reside in this District, Plaintiff resides in this District, and because all or a substantial part of the events or omissions giving rise to the claims occurred herein.

## PARTIES

### Plaintiff

13. Plaintiff MIGUEL ANGEL AQUINO ("AQUINO") is and was at all times relevant hereto an individual residing in New York.

14. Plaintiff AQUINO was employed by ZOCCOLA LLC (DBA TAVOLA) at its place of business, 488 9th Ave New York, NY 10018, from approximately November 2014 until August 31, 2023, where he was primarily employed as a cook. The relevant time period is August 2017 until August 31, 2023.

15. At all times relevant hereto, Plaintiff AQUINO was a covered employee within the meaning of the FLSA and the NYLL.

### Defendants

16. Defendant ZOCCOLA LLC (DBA TAVOLA) is, upon information and belief, a duly organized New York Corporation with its principal place of business located at 488 9th Ave New York, NY 10018.

17. Upon information and belief, Defendant ZOCCOLA LLC (DBA TAVOLA) is engaged in interstate commerce in that it relies heavily on products that have been transported across state lines, and generates annual gross revenues in excess of $500,000 per year, independent of excise taxes, for years 2021 through 2023, and were directly engaged in interstate commerce.

18. Upon information and belief, Defendant NICK ACCARDI is the President, Chief Executive Officer, manager, principal, and/or agent of Defendant ZOCCOLA LLC (DBA TAVOLA).

19. Upon information and belief, and at all times relevant to the claims herein, Defendant NICK ACCARDI possessed operational control over Defendant ZOCCOLA LLC (DBA TAVOLA) because of their ownership interest and/or control of significant functions of Defendant Corporation, that Defendant NICK ACCARDI: (i) was known and referred to as the "Boss" by Plaintiff and the other similarly situated employees of Defendant ZOCCOLA LLC (DBA TAVOLA); (ii) determined the wages and compensation of the employees of Defendants, including Plaintiff; and (iii) established Plaintiff's and other employees' work schedules and workload; (iv) maintained employee records; (v) paid Plaintiff and the other employees their weekly wages; and (vi) possessed the authority to hire and fire employees.

20. Defendant NICK ACCARDI acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2.

**COMMON FACTUAL ALLEGATIONS**
Defendants Constitute Joint Employers

21. Defendants owned and operated ZOCCOLA LLC (DBA TAVOLA), a corporate entity located at 488 9th Ave New York, NY 10018. At all relevant times,

Defendants ZOCCOLA LLC (DBA TAVOLA) and NICK ACCARDI possessed operational control over Defendant Corporation, possessed an ownership interest in Defendant Corporation, and/or controlled significant functions of Defendant Corporation.

22. As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff AQUINO by engaging in a pattern and/or policy of violating the FLSA and NYLL. This pattern and/or policy includes, inter alia, the following:

   a. failing to pay employees the applicable overtime rate (one and one-half the rate of regular pay) for work performed in excess of forty (40) hours per week

   c. failing to pay employees the applicable minimum rate for work performed for the first forty (40) hours per week;

23. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation. Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant damage to Plaintiff AQUINO and the other class members.

24. Defendants ZOCCOLA LLC (DBA TAVOLA), under the direct supervision and authority of Defendant NICK ACCARDI, acted in the interest of the Defendants with respect to its employees, the rate of and method employee compensation was paid and shared joint control over their employees.

25. At relevant times, Defendants ZOCCOLA LLC (DBA TAVOLA) and NICK ACCARDI possessed substantial control over Plaintiff AQUINO and other similarly situated employees' working conditions and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

26. Defendants ZOCCOLA LLC (DBA TAVOLA) and NICK ACCARDI jointly employed Plaintiff and are Plaintiff's employers within the meaning of 29 USC 201 et seq. and the NYLL.

27. Defendants ZOCCOLA LLC (DBA TAVOLA) and NICK ACCARDI constitute a single employer of Plaintiff and/or similarly situated individuals, as any business divisions between them are fictional.

28. At all times relevant hereto, Defendants ZOCCOLA LLC (DBA TAVOLA) and NICK ACCARDI were Plaintiff's employers within the meaning of the FLSA, NYLL, and other applicable laws. Such Defendants had the authority and power to hire and fire Plaintiff, and other similarly situated employees, control the terms and conditions of their employment, including work assignments and hours, and determine the rate and method of any compensation in exchange for Plaintiff's services. Indeed, Defendants supervised Plaintiff's work schedule and conditions of his employment.

**Plaintiff MIGUEL ANGEL AQUINO**

29. From approximately November 2014 until August 2023, Plaintiff was employed by Defendants at their 488 9th Ave New York, NY 10018 facility, where Plaintiff AQUINO was employed as a cook.

30. Plaintiff AQUINO's work schedule was from Tuesday through Sunday, six (6) days per week. In the last two (2) months of his employment with Defendants, he worked Wednesday through Sunday, five days per week. His schedule was from 10:00 A.M. until 9:00 P.M. He worked approximately (66) sixty-six hours per week. The plaintiff did not work in 2020 and 2021 for Defendants, as he was terminated due to the pandemic.

31. Defendants paid Plaintiff in cash weekly. From November 2017 until December 2017, Plaintiff was paid $13,00 per hour, the underpayment per week

was $169,00, and the total underpayment of that period of time was $2,704. From January 2018 until December 2018, Plaintiff was paid $14,00 per hour, the underpayment per week was $261,00, and the total underpayment of that period of time was $13,572. From January 2019 until December 2019, Plaintiff waspaid $14,50 per hour, the underpayment per week was $228,00, and the total underpayment of that period of time was $11,856. From January 2022 until December 2022, Plaintiff was paid $16 per hour, the underpayment per week was $208,00, and the total underpayment of that period of time was $9,568. From January 2023 until June 2023, Plaintiff was paid $17 per hour, the underpayment per week was $221,00, and the total underpayment of that period of time was $5,746. From July 2023 until August 31, 2023, Plaintiff was paid $17 per hour, the underpayment per week was $170,00, and the total underpayment of that period of time was $1,530. The total amount of unpaid wages is approximately $ 44,976.

32. Plaintiff AQUINO did not work at his own convenience but was required to report to work in accordance with a work schedule devised by Defendants. Moreover, once scheduled for a shift, Plaintiff AQUINO did not come and go at his pleasure but rather was controlled by Defendants.

33. Plaintiff AQUINO was a covered employee within the meaning of the FLSA and the NYLL and was not exempt thereunder as his employment position and assignments were not "professional," "executive," or even "administrative" and did not require discretion nor independent judgment. Plaintiff AQUINO's work is properly characterized as menial physical labor.

34. Plaintiff AQUINO regularly handled goods in interstate commerce and other items produced outside of the State of New York.

35. Plaintiff worked without appropriate overtime wages from the beginning and

until the end of his employment with Defendants

### Defendants' General Employment Practices

36. As part of their regular business practices, Defendants required Plaintiff AQUINO to work in excess of forty (40) hours per week without paying Plaintiff the proper overtime wages as required by federal and state laws.

37. By such common policy and practice, Defendants violated Plaintiff's rights under the FLSA and New York Labor Law by not paying him the wages he was owed for the amount of hours he had worked.

38. Defendants failed to post the statutorily required wage and hour posters and did not provide Plaintiff AQUINO with statutorily required wage and hour records or statements of pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff's relative lack of sophistication in wage and hour laws.

39. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff worked, and to avoid paying Plaintiff properly for (i) his full hours worked, and (ii) minimum wages and (iii) overtime wages.

40. The NYLL and Wage Theft Prevention Act require employers to provide all employees with written notice of wage rates.

41. Throughout the relevant time period, Defendants paid Plaintiff AQUINO wages without providing an accurate accompanying wage statement and/or annual pay notices required under NYLL §§195(1) and 195(3).

42. Defendants failed to provide Plaintiff AQUINO with <u>accurate</u> accompanying wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; the name of the employee; the name of the

employer; address and phone number of the employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

**FIRST CAUSE OF ACTION**
**(Violation of FLSA Minimum and Overtime Wages)**

43. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

44. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 USC § 203(d). Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for his employment.

45. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce, and as such, constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 USC § 203 (r-s).

46. Defendants, in violation of the FLSA, failed to pay Plaintiff the applicable minimum wages and overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C.§ 207 (a)(1).

47. Defendants' failure to pay Plaintiff the applicable minimum and overtime wage was willful within the meaning of 29 U.S.C.§ 255(a).

48. Defendants acted willfully in their violations of the FLSA's requirements.

49. Plaintiff seeks damages for his unpaid lawful minimum and overtime wages,

liquidated damages as provided by the FLSA for wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (Unpaid Minimum and Overtime Wages Under New York Labor Law)

50. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

51. Defendants, in violation of the NYLL § 190 *et seq.* and associated rules and regulations, failed to pay Plaintiff the applicable minimum and overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

52. Defendants' failure to pay Plaintiff the applicable minimum and overtime wages was willful within the meaning of N.Y.Lab.Law § 663.

53. Due to Defendants' willful violations of the NYLL, Plaintiff AQUINO is entitled to recover from Defendants his unpaid minimum and overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff MIGUEL ANGEL AQUINO, respectfully requests that this Court enter judgment against Defendants ZOCCOLA LLC (DBA TAVOLA) and NICK ACCARDI as follows:

a. Awarding Plaintiff liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum and overtime wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C.§ 216(b);

  b. Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

  c. Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages;

  d. Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum and overtime wage compensation shown to be owed pursuant to NYLL § 663 as applicable;

  e. Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

  f. Awarding Plaintiff the expenses incurred in this action, including costs and attorney's fees; and

  g. All such other and further relief as the Court deems just and proper.

  h. An award of statutory damages for Defendants' failure to provide Plaintiff with complete and accurate wage statements pursuant to NYLL § 198 (1-d);

  i. An award of pre-judgment interest of nine percent per annum (9%) pursuant to the New York Civil Practice Law and Rules §§ 5001-5004;

  j. An award of post-judgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules § 5003;

  k. Such other relief as this Court shall deem just and proper.

Dated: New York, New York
September 12, 2023

                                                      LINA STILLMAN, ESQ.

                                                   ___/s/ Lina Stillman_____
                                                   Lina Stillman, Esq.
                                                Attorneys for Plaintiff
                                                Stillman Legal, P.C.
                                                42 Broadway, 12t Floor
                                                New York, New York 10004
                                                Tel (212) 203-2417
                                                www.StillmanLegalPC.com